E-FILED
Tuesday, 03 December, 2019  01:15:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| CARPENTERS PENSION FUND OF ILLINOIS, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) |
| CARPENTERS RETIREMENT SAVINGS FUND, By and Through Its Board of Trustees, | ) ) ) ) |
| and | ) ) Cause No. 19-3279 |
| CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE; MILLWRIGHT LOCAL 1051 BUILDING FUND; WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL; CHICAGO REGIONAL COUNCIL OF CARPENTERS, f/k/a MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS; MID-CENTRAL MILLWRIGHT CONTRACTORS ASSOCIATION; CARPENTERS INTERNATIONAL TRAINING FUND; CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND; MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

MILLWRIGHT LOCAL 1051,        )
)
     Plaintiffs,            )
)
v.                        )
)
RICE EQUIPMENT CO. and WILLIAM S.   )
GIBB,                      )
)
     Defendants.          )

## COMPLAINT

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH AND WELFARE TRUST FUND; CARPENTERS PENSION FUND OF ILLINOIS; CARPENTERS RETIREMENT SAVINGS FUND OF ILLINOIS; CENTRAL ILLINOIS CARPENTERS RETIREMENT SAVINGS FUND; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS – JOINT APPRENTICESHIP & TRAINING COMMITTEE; MILLWRIGHT LOCAL 1051 BUILDING FUND; WEST CENTRAL ILLINOIS BUILDING & CONSTRUCTION TRADES COUNCIL; CHICAGO REGIONAL COUNCIL OF CARPENTERS, f/k/a MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS; MID-CENTRAL MILLWRIGHT CONTRACTORS ASSOCIATION; CARPENTERS INTERNATIONAL TRAINING FUND; CARPENTERS LABOR MANAGEMENT EDUCATION & DEVELOPMENT FUND; MID-CENTRAL ILLINOIS REGIONAL COUNCIL OF CARPENTERS PROMOTIONAL FUND; MID-CENTRAL ILLINOIS JOINT LABOR MANAGEMENT SUBSTANCE ABUSE TESTING & ASSISTANCE FUND; and MILLWRIGHT LOCAL 1051, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendants, RICE EQUIPMENT CO. and WILLIAM S. GIBB, and allege as follows:

**Parties**

1.      Plaintiff Central Illinois Carpenters Health and Welfare Fund ("Welfare Fund") is an employee welfare benefit plan, a welfare plan and a plan within the meaning of section 3(1) and (3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3).

2.      Welfare Fund is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Welfare Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

3.      The address and place of administration of Welfare Fund is located in Lincoln, Logan County, Illinois.

4.      Plaintiff Carpenters Pension Fund of Illinois ("Pension Fund") is a pension plan, or plan and a defined benefit plan within the meaning of Sections 3(2)(A) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (35).

5.      Pension Fund is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

6.      Plaintiff Carpenters Retirement Savings Fund of Illinois ("Retirement Savings Fund") is a pension plan, or plan and a defined contribution plan within the meaning of Sections 3(2)(A) and (34) of ERISA, 29 U.S.C. § 1002(2)(A), (34).

7.      Retirement Savings Fund is administered by a Board of Trustees who are fiduciaries within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

Retirement Savings Fund's Trustees are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

8.      The address and place of administration of Pension Fund and Retirement Savings Fund is located in Downers Grove, DuPage County, Illinois.

9.      Together, the Welfare Fund, Pension Fund and Retirement Savings Fund shall be referred to as the "Plaintiff Funds."

10.     The Welfare Fund has been duly authorized to act as an agent in the collection of contributions due to Plaintiffs Central Illinois Carpenters Retirement Savings Fund ("Annuity Fund"); Mid-Central Illinois Regional Council Of Carpenters – Joint Apprenticeship & Training Committee (JATC); Millwright Local 1051 Building Fund ("Building Fund"); West Central Illinois Building & Construction Trades Council ("Building Trades Council"); Chicago Regional Council of Carpenters, f/k/a Mid-Central Illinois Regional Council of Carpenters ("Regional Council"); Mid-Central Millwright Contractors Association ("Millwright Contractors Association"); Carpenters International Training Fund ("International Training Fund"); Carpenters Labor Management Education & Development Fund ("Development Fund"); Mid-Central Illinois Regional Council of Carpenters Promotional Fund ("Promotional Fund"); Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund ("Substance Abuse Fund"); and Millwright Local 1051 ("Millwright Local 1051"), which are collectively-bargained funds, or separate labor-management cooperatives, or labor union(s), and to which Defendant agreed to make contributions on behalf of certain of its employees pursuant to the terms of one or more Collective Bargaining Agreements ("Agreement(s)") with the United Brotherhood of Carpenters and Joiners of America ("UBCJA") and/or with the Regional Council.

4

11.     Defendant Rice Equipment Co. ("Defendant Rice Equipment") is a Missouri general business corporation maintaining its principal place of business in Saint Louis County, Missouri.

12.     Defendant Rice Equipment is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

13.     Defendant William S. Gibb ("Defendant Gibb") is a natural person residing in Saint Louis County, Missouri.

14.     Defendant Gibb is President of Defendant Rice Equipment and a duly authorized agent of Defendant Rice Equipment, authorized to conduct business on behalf of Rice Equipment, including entering into contracts on behalf of, or otherwise binding Defendant Rice Equipment.

## Jurisdiction and Venue

15.     This Court has jurisdiction over Plaintiff Funds' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a), (c).  The Court has supplemental jurisdiction over Plaintiffs' State law claims pursuant to 28 U.S.C. § 1367(a).

16.     This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

17.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

**Facts Common To All Counts**

18.     At all times relevant to this Complaint, Defendant Rice Equipment has been signatory to an "Agreement Recognizing the Mid-Central Illinois District Council of Carpenters as Exclusive Bargaining Representative and Adopting All Collective Bargaining Agreements to Which That Labor Organization Is a Party" ("Recognition Agreement").   A true, accurate and correct copy of the Recognition Agreement is attached hereto as **Exhibit 1**.

19.     Pursuant to the Recognition Agreement, Defendant Rice Equipment:

> …recognizes the UNION as the exclusive bargaining representative of all of the EMPLOYER's employees within the UNION's GEOGRAPHICAL AND OCCUPATIONAL JURISDICTIONS (the BARGAINING UNIT). (emphasis original).

20.     Pursuant to the Recognition Agreement, Defendant Rice Equipment agreed,

> …to be bound by and observe the terms and conditions of all current labor agreements to which the UNION is a party, including, but not limited to, Collective Bargaining Agreements between the Central Illinois Builders of A.G.C., Builders Association of Tazewell County, McLean County Contractors Group, Greater Peoria Contractors and Suppliers Association Inc. and Mid-Central Illinois District Council of Carpenters.

21.     Pursuant to the Recognition Agreement, Defendant Rice Equipment further agreed,

> …to be bound by and observe the terms and conditions of any and all successor agreements negotiated by the UNION covering the above described BARGAINING UNIT unless the EMPLOYER provides written notice to the UNION of its intention to amend or terminate any such successor agreements at least sixty (60), but no more than ninety (90) days prior to the expiration thereof.

22.     Defendant Rice Equipment is further signatory to and bound by the Collective Bargaining Agreement Between Central Illinois Builders of A.G.C. Greater Peoria Contractors and Suppliers Association, Inc. and Mid-Central Illinois Regional Council of Carpenters ("Mid-

Central Master Agreement").  A true, accurate and correct copy of the applicable Mid-Central Master Agreement is attached hereto as **Exhibit 2**.

23.     Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Defendant Rice Equipment is required to make contributions to Plaintiff Funds in accordance with the terms and conditions of the Mid-Central Master Agreement.

24.     The Mid-Central Master Agreement requires Defendant Rice Equipment to pay monetary contributions to Plaintiff Funds at specified rates, based on hours worked and/or gross pay received, for and on behalf of its employees working under the terms of the Agreement(s).

25.     Pursuant to the Agreement, Declarations of Trust establishing Plaintiff Funds and policies adopted by the Trustees of Plaintiff Funds, Defendant Rice Equipment is required to report hours worked by its employees and make prompt payment of the contributions required under the Agreement.

26.     The Agreement, and/or Trust Documents adopted by the Trustees of Plaintiff Funds and to which Defendant Rice Equipment is bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

## COUNT I

## AUDIT LIABILITY DUE

## (CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et al.)

## (AGAINST RICE EQUIPMENT CO.)

COME NOW Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Central Illinois Carpenters Retirement Savings Fund; Mid-Central Illinois Regional Council of Carpenters – Joint Apprenticeship & Training Committee; Millwright Local 1051 Building Fund; West Central Illinois Building & Construction Trades Council; Chicago Regional Council of Carpenters, F/K/A Mid-Central Illinois Regional Council of Carpenters; Mid-Central Millwright Contractors Association; Carpenters International Training Fund; Carpenters Labor Management Education & Development Fund; Mid-Central Illinois Regional Council of Carpenters Promotional Fund; Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund; and Millwright Local 1051, by undersigned Counsel and for Count I of their Complaint against Defendant Rice Equipment Co., state as follows:

27.    Plaintiffs restate and reincorporate paragraphs 1 through 26 of their Complaint as if fully set forth herein.

28.    The Mid-Central Master Agreement, and/or the Declarations of Trust, and/or the policies adopted by the Trustees specifically authorized the Trustees to conduct audits of contributing employers.

29.    An audit was conducted of Defendant Rice Equipment's books and records for the period of January 1, 2015 through February 28, 2017 on behalf of the Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent ("Welfare Fund Audit"). *See*, **Exhibit 3.**

30.     The Welfare Fund Audit resulted in a finding of liability due in the amount of $36,849.33 ("Welfare Fund Audit Liability").

31.     Pursuant to the ERISA, the Declaration of Trust establishing the Welfare Fund and the policies and procedures adopted by the Plaintiff Trustees and to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Welfare Fund Audit Liability, Defendant Rice Equipment is liable for interest in the amount of $12,091.88, or a different and greater amount to be proven at trial.

32.     Pursuant to the ERISA, the Declaration of Trust establishing the Welfare Fund and the policies and procedures adopted by the Plaintiff Trustees and to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Welfare Fund Audit Liability, Defendant Rice Equipment is liable for Liquidated Damages in the amount of $7,395.71, or a different and greater amount to be proven at trial.

33.     Pursuant to the ERISA, the Declaration of Trust establishing the Welfare Fund and the policies and procedures adopted by the Plaintiff Trustees and to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Welfare Fund Audit Liability, Defendant Rice Equipment is liable for audit costs in the amount of $1,521.13.

34.     Demand was made upon Defendant Rice Equipment to pay the foregoing amounts.

35.     Defendant Rice Equipment paid some, but not all of the amounts due.  As of the date of this Complaint, Plaintiffs believe Defendant Rice Equipment remains liable for contributions in the amount of $7,349.33, subject to proof, as well as all of the foregoing amounts for interest, Liquidated Damages, and audit costs.

36.     Plaintiffs are further entitled to an award of their attorneys' fees and costs.

37.     As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent respectfully pray that the Court:

    a.    Enter Judgment for Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent, and against Defendant Rice Equipment Co.;

    b.    Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent audited liability in the amount of $7,349.33;

    c.    Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent interest in the amount of $12,091.88, or a different and greater amount to be proven at trial;

    d.    Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent Liquidated Damages in the amount of $7,397.71, or a different and greater amount to be proven at trial;

    e.    Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent audit costs in the amount of $1,521.13;

    f.    Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent their attorneys' fees and costs;

g.      Enter an Order awarding Plaintiff Welfare Fund and those Funds on behalf of which the Welfare Fund acts as collection agent appropriate post-judgment interest;

h.      Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT II

## AUDIT LIABILITY DUE

## (CARPENTERS PENSION AND RETIREMENT SAVINGS FUNDS OF ILLINOIS)

## (AGAINST RICE EQUIPMENT CO.)

COME NOW Plaintiffs, Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois, by undersigned Counsel and for Count II of their Complaint against Defendant Rice Equipment Co., state as follows:

38.     Plaintiffs restate and reincorporate paragraphs 1 through 26 and 27 through 37 of Count I of their Complaint, as if fully set forth herein.

39.     An audit was conducted of Defendant Rice Equipment's books and records for the period of January 1, 2015 through February 28, 2017 on behalf of the Pension Fund and Retirement Savings Fund ("Pension and Retirement Savings Funds Audit").

40.     The Pension and Retirement Savings Funds Audit resulted in a finding of liability due in tee amount of $25,659.53 ("Pension and Retirement Savings Funds Audit Liability"). *See*, **Exhibit 4.**

41.     Pursuant to the ERISA, the Declaration of Trust establishing the Pension and Retirement Savings Funds and the policies and procedures adopted by the Plaintiff Trustees and

to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Pension and Retirement Savings Funds Audit Liability, Defendant Rice Equipment is liable for interest in the amount of $9,497.53, or a different and greater amount to be proven at trial.

42.     Pursuant to the ERISA, the Declaration of Trust establishing the Pension and Retirement Savings Funds and the policies and procedures adopted by the Plaintiff Trustees and to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Pension and Retirement Savings Funds Audit Liability, Defendant Rice Equipment is liable for Liquidated Damages in the amount of ten percent (10%) of the Delinquency, or $2,565.95.

43.     Pursuant to the ERISA, the Declaration of Trust establishing the Pension and Retirement Savings Funds and the policies and procedures adopted by the Plaintiff Trustees and to which Defendant Rice Equipment agreed to be bound, as a result of incurring the Pension and Retirement Savings Funds Audit Liability, Defendant Rice Equipment is liable for audit costs in the amount of $1,351.13.

44.     Demand was made upon Defendant Rice Equipment to pay the foregoing amounts.

45.     Defendant Rice Equipment paid some, but not all of the amounts due.  As of the date of this Complaint, Plaintiffs believe Defendant Rice Equipment remains liable for contributions in the amount of $5,159.53, subject to proof, as well as all of the foregoing amounts for interest, Liquidated Damages, and audit costs.

46.     Plaintiffs are further entitled to an award of their attorneys' fees and costs.

47.     As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs Pension Fund and Retirement Savings Fund respectfully pray that the Court:

a.   Enter Judgment for Plaintiffs Pension Fund and Retirement Savings Fund, and against Defendant Rice Equipment Co.;

b.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund audited liability in the amount of $5,159.53;

c.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund interest in the amount of $9,497.53, or a different and greater amount to be proven at trial;

d.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund Liquidated Damages in the amount of $2,565.95;

e.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund agent audit costs in the amount of $1,521.13;

f.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund their attorneys' fees and costs;

g.   Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund appropriate post-judgment interest;

h.   Enter Orders for such further relief as the Court deems proper in the premises.

**COUNT III**

**(DELINQUENT FRINGE BENEFIT CONTRIBUTIONS)**

**(ALL PLAINTIFFS)**

**(AGAINST RICE EQUIPMENT CO.)**

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund; Carpenters Pension Fund of Illinois; Carpenters Retirement Savings Fund of Illinois; Central Illinois Carpenters Retirement Savings Fund; Mid-Central Illinois Regional Council of Carpenters – Joint Apprenticeship & Training Committee; Millwright Local 1051 Building Fund; West Central Illinois Building & Construction Trades Council; Chicago Regional Council of Carpenters, f/k/a Mid-Central Illinois Regional Council of Carpenters; Mid-Central Millwright Contractors Association; Carpenters International Training Fund; Carpenters Labor Management Education & Development Fund; Mid-Central Illinois Regional Council of Carpenters Promotional Fund; Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund; and Millwright Local 1051, by undersigned Counsel and for Count III of their Complaint against Defendant Rice Equipment Co., state as follows:

48.     Plaintiffs restate and reincorporate paragraphs 1 through 26 and 27 through 37, and 38 through 47 of Count II of their Complaint, as if fully set forth herein.

49.     Defendant Rice Equipment is required to report and pay contributions to Plaintiff Funds by the 15th of each month related to hours worked during the previous month.

50.     If Defendant Rice Equipment does not timely report and pay contributions, in addition to such contributions as may be due, the Agreement(s), and/or Trust Document(s) and/or ERISA provide Rice Equipment shall be liable for Liquidated Damages and/or interest.

14

51.     In the event of litigation, Plaintiff Funds are further entitled to an award of their attorneys' fees and costs and auditing and/or accounting fees.

52.     In addition to the audited liability constituting Counts I and II, Defendant Rice Equipment has not fully and timely reported and paid all necessary and required contributions to Plaintiff Funds.

53.     Plaintiff Funds do not know the amount of contributions, Liquidated Damages and interest that may be due for these months, and any additional months which have not been reported, be known unless Defendant Rice Equipment is required to account to Plaintiff Funds for all hours worked and wages paid during this period and to submit reports of same.

54.     Plaintiffs have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Defendant Rice Equipment is ordered to submit all required reports of hours worked and wages paid.

55.     Plaintiff Funds are further entitled to an award of all contributions due.

56.     Plaintiffs are entitled to an award of Liquidated Damages and/or interest on any such delinquent contributions, as appropriate.

57.     In addition, Defendant Rice Equipment has failed to pay fringe benefit contributions for other periods, giving rise to Liquidated Damages and interest.

58.     Plaintiffs are entitled to an award of their attorneys' fee and costs.

59.     Demand was made upon Defendant Rice Equipment to submit reports and payment, but Rice Equipment failed and refused to do so.

60.     As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a.     Enter Judgment for Plaintiffs and against Defendant Rice Equipment Co.;

b.     Enter Orders for temporary, preliminary and permanent injunctive relief that Defendant Rice Equipment submit all outstanding remittance reports;

c.     Enter an Order awarding all contributions due;

d.     Enter an Order awarding Plaintiffs appropriate Liquidated Damages and/or interest on such delinquent contributions;

e.     Enter an Order awarding Plaintiffs additional Liquidated Damages and/or interest related to additional late-paid contributions, in an amount to be proven at trial;

f.     Enter an Order awarding Plaintiffs Pension Fund and Retirement Savings Fund appropriate post-judgment interest;

g.     Enter an Order that that Defendant fully report all hours worked and wages paid its employees performing work in the territorial jurisdiction of the Regional Council, and pay all contributions due going forward;

h.     Enter an Order awarding Plaintiffs their attorneys' fees and costs;

i.     Enter Orders for such further relief as the Court deems proper in the premises.

## COUNT IV

## (ENFORCEMENT OF PROMISSORY NOTES)

## (ALL PLAINTIFFS)

## (AGAINST RICE EQUIPMENT CO. AND WILLIAM S. GIBB, JOINTLY AND SEVERALLY)

COME NOW Plaintiffs, Central Illinois Carpenters Health and Welfare Trust Fund; Carpenters Pension Fund of Illinois; Carpenters Retirement Savings Fund of Illinois; Central Illinois Carpenters Retirement Savings Fund; Mid-Central Illinois Regional Council of Carpenters – Joint Apprenticeship & Training Committee; Millwright Local 1051 Building Fund; West Central Illinois Building & Construction Trades Council; Chicago Regional Council of Carpenters, f/k/a Mid-Central Illinois Regional Council of Carpenters; Mid-Central Millwright Contractors Association; Carpenters International Training Fund; Carpenters Labor Management Education & Development Fund; Mid-Central Illinois Regional Council of Carpenters Promotional Fund; Mid-Central Illinois Joint Labor Management Substance Abuse Testing & Assistance Fund; and Millwright Local 1051, by undersigned Counsel and for Count III of their Complaint against Defendant Rice Equipment Co. and William S. Gibb, state as follows:

61.     Plaintiffs restate and reincorporate paragraphs 1 through 26 and 27 through 37 of count I, 38 through 47 of Count II, and 48 through 60 of Count III of their Complaint, as if fully set forth herein.

62.     The Court has supplemental jurisdiction over Count IV pursuant to 28 U.S.C. § 1367(a).

63.     On or about December 8, 2016, Defendant Rice Equipment and Defendant Gibb, jointly and severally as Obligor, entered into separate Promissory Notes with Plaintiff Funds in

settlement of a prior ERISA fringe benefit obligation.  *See*, **Exhibit 5** (as to Central Illinois Carpenters Health & Welfare Trust Fund) and **Exhibit 6** (as to Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois).

64.     Pursuant to the Promissory Notes it is provided,

> **DEFAULT**.  Obligor shall be in Default if Obligor fails to make any payment when due under this Note or fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note[.]

62.     Pursuant to a section in **Exhibit 5** entitled, "**ADDITONAL TERMS**," it is provided:

> **ADDITIONAL TERMS**.   Obligor agrees to submit all future monthly fringe benefit contribution reporting forms with payment for contributions owed to the Funds on or before the fifteenth (15th) day of every month following the execution of this Note.  Any failure of the Obligor to remain current in reporting and paying its future monthly contribution obligations shall constitute a Default under this Note.  All reporting forms with payment shall be submitted to Central Illinois Carpenters Health & Welfare Trust Fund at the address of 200 S. Madigan Drive, Lincoln, Illinois 62656.

63.     Pursuant to a section in **Exhibit 6** entitled, "**ADDITONAL TERMS**," it is provided:

> **ADDITIONAL TERMS**.   Obligor agrees to submit all future monthly fringe benefit contribution reporting forms with payment for contributions owed to the Funds on or before the fifteenth (15th) day of every month following the execution of this Note.  Any failure of the Obligor to remain current in reporting and paying its future monthly contribution obligations shall constitute a Default under this Note.   All reporting forms with payment shall be submitted to Carpenters Pension and Retirement Savings Funds of Illinois at the address of 28 N. First Street, Suite 201, Geneva, Illinois  60134.

64.     Defendant Rice Equipment and Defendant Gibb failed to make all required payments pursuant to the Promissory Notes.

18

65.     Defendant Rice Equipment and Defendant Gibb further breached the Promissory Notes by failing to submit all required reports and payment of contributions due, as alleged in Count III.

66.     Defendant Rice Equipment and Defendant Gibb are, therefore, in default under the Promissory Notes.

67.     As a result of the default, Plaintiff Funds have been harmed.

68.     Pursuant to sections in **Exhibit 5** and **Exhibit 6** entitled "**THE FUNDS' RIGHTS**," it is provided,

> If Obligor is in Default, the Funds may declare the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed under this Note shall be collectable immediately or at any time after such Default.  In addition to all other remedies the Funds may have upon Default hereunder or otherwise, the Funds specifically retain and do not waive the right to sue pursuant to the provisions of the Employee Retirement Income Security Act for the delinquent contributions and/or other liability that is the subject of this Note as identified on Exhibit "B" or elsewhere in this Note as well as any and all other liability that is not identified on Exhibit "B" or elsewhere in this Note but that arises out of the same matters giving rise to the amounts owed as identified on Exhibit "B" or elsewhere in this Note.

69.     Plaintiff Funds are entitled to payment of "the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed," in an amount to be proven at trial.

70.     Pursuant to sections in **Exhibit 5** and **Exhibit 6** entitled "**ATTORNEYS' FEES; EXPENSES**," it is provided,

> **ATTORNEYS' FEES; EXPENSES**.  The Funds may hire or pay someone else to help collect the amounts owed to the Funds under this Note or to otherwise enforce the provisions of this Note if

19

Obligor does not pay the amounts owed to the Funds or is otherwise in Default. Obligor will pay the Funds any such costs and expenses incurred by the Funds in the enforcement of the provisions of this Note or collection of amounts owed to the Funds. This includes, subject to any limits under applicable law, the Funds' attorneys' fees and legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Obligor also will pay any court costs and service of process fees in addition to all other sums and costs provided by law.

71.     As a result of the acts and omissions complained of herein, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a.     Enter Judgment for Plaintiff Funds and against Defendants Rice Equipment Co. and William S. Gibb, jointly and severally;

b.     Enter an Order declaring Defendants Rice Equipment and Defendant Gibb to be in default pursuant to the Promissory Notes;

c.     Enter an Order awarding Plaintiff Funds "the entire unpaid principal balance on this Note and all accrued unpaid interest and any other amounts owed," in an amount to be proven at trial;

d.     Enter an Order awarding Plaintiff Funds their attorneys' fees and costs, in an amount to be proven at trial; and

e.     Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, ARDC 6314932
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 – Telephone
(618) 692-5254 – Facsimile
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs